IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL J. MASTERSON,

      Plaintiff,                      No. CIV S-05-0192 DFL DAD P

      vs.

ROSANNE CAMPBELL, et al.,

      Defendants.            ORDER

_____/

      Plaintiff is a state prisoner proceeding pro se with a civil rights complaint. By order filed July 11, 2006, the United States Marshal was directed to serve plaintiff's complaint on eighteen defendants. Service is in progress at this time. Before the court are two requests submitted by plaintiff concerning documents.

      First, plaintiff seeks an order concerning photocopies at Salinas Valley State Prison, where plaintiff is now confined. The order would be directed at persons who are not parties to this lawsuit. Plaintiff cites no legal authority for an order against individuals who are not parties to this suit. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Plaintiff's request for an order concerning photocopies will be denied.

      Second, plaintiff asks the Clerk of the Court provide him with a letter stating that the court accepts copies of documents for safekeeping. Plaintiff claims that he received

1

correspondence from the Office of the Clerk in 2004 indicating that the court accepts documents for such a purpose. Plaintiff's request will be denied. The court is not a repository for the parties' records and evidence. Parties shall not submit evidentiary materials to the court except as exhibits to a properly filed pleading, as exhibits to a properly filed motion or opposition to such a motion, as exhibits at trial, or in response to a court order requiring that specific documents be submitted.

By order filed June 5, 2006, the undersigned advised plaintiff that his complaint consists solely of the 251-page pleading filed on January 28, 2005, and that the miscellaneous documents submitted by plaintiff as exhibits after January 28, 2005, will not be attached to the complaint. The undersigned advised plaintiff that, if defendants move to dismiss claims as unexhausted, plaintiff may cite any relevant documents submitted after January 28, 2005, in opposition to defendants' motion. This provision was made in order to prevent plaintiff from burdening the court by submitting the same documents for electronic scanning a second time. Plaintiff has not been granted, and will not be granted, leave to submit documents for safe keeping. Plaintiff is cautioned against burdening the court by submitting documents prematurely or unnecessarily.

IT IS ORDERED that:

1. Plaintiff's August 21, 2006 request for a letter authorizing the submission of documents for safe keeping (docket #24) is denied; and

2. Plaintiff's August 21, 2006 request for an order concerning photocopies at Salinas Valley State Prison (docket #25) is denied.

DATED: August 28, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
mast0192.docs

2