1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10    DANIEL J. MASTERSON,

11              Plaintiff,                    No. CIV S-05-0192 JAM DAD P

12        vs.

13    ROSEANNE CAMPBELL, et al.,

14              Defendant.                    ORDER

15    _____/

16            Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17    U.S.C. § 1983.  Pending before the court are various motions filed by plaintiff.

18                                    **BACKGROUND**

19            In his 251-page complaint, plaintiff alleges that over the course of several years,

20    defendant Baker has sexually harassed him and other inmates.  Plaintiff further alleges that

21    defendants have retaliated against him for filing complaints concerning defendant Baker's

22    alleged misconduct.[1]  In addition, plaintiff alleges that defendants have searched his cell and

23    improperly confiscated his personal property.  Plaintiff claims that defendants have violated his

24    rights under the First, Eighth, and Fourteenth Amendments.

25    _____

26        [1]  For example, plaintiff alleges that defendants removed him from his clerical position and
      have refused to put him on a waiting list for a new clerical position.

**DISCOVERY AND SUBPOENA-RELATED MOTIONS**

I.  Plaintiff's Motion to Take Written Depositions

Plaintiff has filed a motion seeking a court order allowing him to take written depositions.  Plaintiff claims that he is dissatisfied with the defendants responses to his interrogatories.  He notes that he submitted to an oral deposition for several hours and answered defense counsels' questions without objections.  He would like to submit written questions to the defendants and have them respond in writing to avoid the cost of a court reporter or stenographer, recording devices, and transcripts.

Defendants have opposed plaintiff's motion, arguing that plaintiff is attempting to exceed the limit of twenty-five interrogatories per defendant.  Moreover, defendants note that under Rule 31 of the Federal Rules of Civil Procedure, a deposition by written questions must take place before a court reporter who transcribes the deposition testimony and certifies the deposition.

Assuming for the sake of argument that plaintiff is acting in good faith and not attempting to exceed the numerical limit on interrogatories, he has not shown that he is able and willing to procure the services of an officer that could administer the written deposition, certify defendants' responses, and prepare a record.  See Fed. R. Civ. P. 31(a)(3) & (b).  Accordingly, the court will deny plaintiff's motion to take written depositions.

II.  Plaintiff's Motion to Compel Discovery

Plaintiff has filed a motion to compel defendants to "answer in full, any and all Interrogatories that were not fully responded to, and or, were responded to with evasive answers, and or, were objected to in bad faith. . . ."  He also seeks to compel defendants to "produce any and all documents requested by Plaintiff. . . ."  Plaintiff has attached to his motion copies of his discovery requests and defendants' responses thereto.

Defendants have opposed plaintiff's motion, arguing that he has failed to sufficiently state in what way their responses to his discovery requests are inadequate.  For

example, plaintiff has not specified which of defendants' responses to his interrogatories or document requests are the subject of his motion.  Instead, he has merely attached to his motion more than 120 pages of defendants' responses to his discovery requests.

The court does not hold litigants proceeding pro se to the same standards that it holds attorneys.  However, at a minimum, as the moving party plaintiff has the burden of informing the court which discovery requests are the subject of his motion to compel, which of defendants' responses are disputed, why he believes defendants' responses are deficient, why defendants' objections are not justified, and why the information he seeks through discovery is relevant to the prosecution of this action.  See, e.g., Brooks v. Alameida, No. CIV S-03-2343 JAM EFB P, 2009 WL 331358 at *2 (E.D. Cal. Feb. 10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion."); Ellis v. Cambra, No. CIV F-02-5646 AWI SMS PC, 2008 WL 860523 at *4 (E.D. Cal. Mar. 27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why Defendant's objections are not justified.").

Here, plaintiff has provided no specific arguments in support of his motion to compel and is essentially asking the court to make his arguments for him.  At most, in his reply to defendants' opposition to his motion plaintiff refers to certain discovery requests by way of example but then contends that he objects to the majority if not all of the defendants' responses to his interrogatories and requests for production of documents.  The court will not review each of plaintiff's discovery requests and each of defendants' responses thereto in order to determine whether any of the defendants' responses are somehow deficient.  Plaintiff has the burden of describing why a defendant's particular response is inadequate.  See, e.g., Williams v. Flint, No. CIV S 06-1238 FCD GGH P, 2007 WL 2274520 at *1 (E.D. Cal. Aug. 6, 2007) ("It is plaintiff's burden to describe why a particular response is inadequate.  It is not enough to generally argue that all responses are incomplete.").  Accordingly, the court will deny plaintiff's motion.

III.  Plaintiff's Motion to Compel Production of his Deposition Transcript

        Plaintiff has filed a motion to compel defendants to produce a copy of his deposition transcript so that he can finish making corrections to it.  According to plaintiff, defense counsel Lien sent prison officials a copy of the transcript with instructions for plaintiff to review it, but plaintiff's correctional counselor only allowed him a fraction of the time he needed to complete that task.

        Defendants have opposed plaintiff's motion, arguing that prison officials at the California Substance Abuse Treatment Facility gave plaintiff three opportunities to review the deposition transcript.  Plaintiff reviewed the transcript on the first two occasions for forty-five minutes to one hour.  On the third occasion, however, he refused to review the transcript.  He stated that he would obtain copies of the transcript from the court.  Accordingly, plaintiff's correctional counselor returned the transcript to defense counsel.

        On January 26, 2009, defense counsel took plaintiff's deposition.  According to plaintiff's own motion, he has had some opportunity to review the transcript and make corrections thereto.  Although plaintiff may have preferred additional time, he does not indicate how much additional time was necessary in his view.  Moreover, plaintiff did not file this motion until nearly six months after defense counsel took his deposition.  As a practical matter, plaintiff's deposition has likely been finalized, and the court will not order its re-opening for plaintiff's further unspecified corrections.  To the extent that defendants rely on plaintiff's deposition testimony in their forthcoming motion for summary judgment, plaintiff may file with his opposition a declaration signed under penalty of perjury explaining why the portions of the deposition testimony that defendants rely on are inaccurate or incomplete.  Plaintiff is strongly cautioned, however, that the court will not allow him to rewrite his deposition testimony.  "While the language of FRCP 30(e) permits corrections 'in form or substance,' this permission does not properly include changes offered solely to create a material factual dispute in a tactical attempt to

/////

4

1  evade an unfavorable summary judgment." <u>Hambleton Bros. Lumber Co. v. Balkin Enters.</u>, 397

2  F.3d 1217, 1224-26 (9th Cir. 2005).

3  IV.  <u>Plaintiff's Motion to Extend Discovery</u>

4          Plaintiff has also filed a motion to extend discovery.  Plaintiff alleges that, on

5  April 24, 2009, prison officials confiscated, packed, and stored his property.  During the process,

6  they lost some of his legal documents.  In light of these circumstances, plaintiff claims that he

7  has not been able to conduct proper discovery and may not be able to adequately respond to

8  defendants' forthcoming motion for summary judgment.

9          Defendants have opposed plaintiff's motion, arguing that plaintiff has not

10 established good cause to modify the scheduling order.  Specifically, defendants contend that in

11 late April 2009, plaintiff was placed in administrative segregation.  On May 6, 2009, he was

12 released and received all of his property except his television set.  Moreover, defendants note

13 that, around the same time plaintiff filed his motion to extend discovery, he served a request for

14 production of documents and attached to it defendants' previous responses to his interrogatories,

15 indicating that plaintiff has not been deprived of all of his legal property as he suggests.  Finally,

16 defendants contend that plaintiff has not indicated what further discovery he believes is

17 necessary, why such discovery is necessary to his case, nor explained why he was unable to

18 complete such discovery within the time provided under the scheduling order..

19          Under the court's scheduling order, discovery closed in this case on August 28,

20 2009.  In the absence of good cause, the court will not modify the scheduling order.  <u>See</u> Fed. R.

21 Civ. P. 16(f); <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607-08 (9th Cir. 1992).

22 Discovery opened in this matter on April 25, 2008.  In that time, plaintiff served numerous

23 discovery requests and motions to compel on the defendants.  Plaintiff's conduct during the

24 course of discovery demonstrates that he is well aware of the rules governing the discovery

25 process as well as the deadlines established in this case by the court.  As defense counsel

26 observes, plaintiff has not indicated what additional discovery he seeks or demonstrated why

1   additional discovery is necessary.  Nor has plaintiff explained why he was unable to complete

2   discovery in the ample time allotted (i.e., in the year before prison officials allegedly confiscated

3   his property).  Accordingly, the court does not find good cause to modify the scheduling order.

4   V.  <u>Plaintiff's Subpoena-Related Motions</u>

5           Plaintiff filed a motion for ten signed but otherwise blank subpoenas pursuant to

6   Rule 45(a)(3) of the Federal Rules of Civil Procedure.  Shortly thereafter, plaintiff filed a motion

7   for a court order requiring the United States Marshal to serve subpoenas on the Secretary of the

8   California Department of Corrections and Rehabilitation, the California Inspector General, the

9   warden of Mule Creek State Prison, the warden at California Substance Abuse Treatment

10   Facility, and the Litigation Coordinator at Mule Creek State Prison.  Plaintiff also filed

11   subpoenas addressed to the above-named officials.  In his subpoenas, plaintiff seeks "all

12   documents that contain, mention, construe, or refer to plaintiff Daniel J. Masterson. . . ." as well

13   as "any and all documents that contain, mention, or refer to any investigation of misconduct that

14   involves Jeffrey L. Baker. . . ."  Plaintiff also seeks "all non-confidential documents that identify

15   the current location" of thirty-one inmates.

16           Under Rule 45(c)(1) of the Federal Rules of Civil Procedure, "A party . . .

17   responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing

18   undue burden or expense on a person subject to the subpoena."  In addition, under Rule

19   26(b)(2)(C) of the Federal Rules of Civil Procedure, discovery may be limited if:

20           (i) the discovery sought is unreasonably cumulative or duplicative,
              or can be obtained from some other sources that is more

21           convenient, less burdensome, or less expensive; (ii) the party
              seeking discovery has had ample opportunity to obtain the

22           information by discovery in the action or (iii) the burden or
              expense of the proposed discovery outweighs its likely benefit . . . .

23

24           Here, plaintiff has not indicated how the documents he seeks are relevant to the

25   claims in this action.  Nor has plaintiff limited the scope or nature of his requests.  Moreover, as

26   noted above, discovery opened in this matter on April 25, 2008.  During that time, plaintiff had

1   ample time to request production of documents from the parties in this action.  Under these

2   circumstances, the court finds that issuing these third-party subpoenas would cause an undue

3   burden.  Accordingly, the court will deny plaintiff's subpoena-related motions.

**MOTIONS REGARDING PLAINTIFF'S LEGAL PROPERTY**

5   Plaintiff has filed two motions for a court order requiring prison officials to return

6   his legal property to him.  At the time plaintiff filed these motions, he was temporarily housed in

7   the prison infirmary or administrative segregation and did not have access to his legal property.

8   Shortly after filing the motions, plaintiff informed the court that he had been released back to the

9   general population but was still having trouble gaining access to his property.  For example, in

10  one of plaintiff's subsequent filings in this court, he indicates that on May 20, 2009, prison

11  officials returned three of the eight boxes they confiscated from him on April 24, 2009.

12  However, plaintiff state that he still has not received all of his property.

13  The court has construed plaintiff's motions for a court order as motions for

14  preliminary injunctive relief.  Plaintiff is advised that all motions for preliminary injunctive relief

15  are defective unless they comply with the Local Rules of Court.  See Local Rule 65-231.  In

16  addition, plaintiff may only seek injunctive relief against individuals who are named as

17  defendants in this action.  This court is unable to issue an order against "prison officials" or

18  individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine

19  Research, Inc., 395 U.S. 100, 112 (1969).  Finally, plaintiff has not explained what specific

20  property he is missing or why he is likely to suffer irreparable harm without a court order.  For

21  example, plaintiff does not appear to be having difficulty prosecuting this action or accessing the

22  court.  Since filing these motions, plaintiff has served additional discovery requests on the

23  defendants.  He has also filed several motions and reply briefs in support of his motions in this

24  court.  Moreover, at this time, plaintiff is under no obligation to file anything in this case.

25  For these reasons, plaintiff has failed to show that he is entitled to preliminary

26  injunctive relief.  Stormans v. Selecky, 571 F.3d 960, 978 (9th Cir. 2009) ("The proper legal

1   standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to

2   succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary

3   relief, that the balance of equities tips in his favor, and that an injunction is in the public

4   interest.'") (quoting Winter v. Natural Res. Def. Council, ___ U.S. ___, 129 S. Ct. 365, 374

5   (2008)).

6          In the event that plaintiff still has not received all of his property upon receiving

7   this order, he should file an administrative grievance at his institution. See Cal. Code Regs. tit.

8   15, § 3084.1(a) (prisoners may appeal "any departmental decision, action, condition, or policy

9   which they can demonstrate as having an adverse effect upon their welfare.").

10                     **MOTION FOR APPOINTMENT OF COUNSEL**

11          In one of plaintiff's motions for a court order requiring prison officials to return

12   his legal property to him, plaintiff requests appointment of counsel. Plaintiff is advised that the

13   United States Supreme Court has ruled that district courts lack authority to require counsel to

14   represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296,

15   298 (1989). In certain exceptional circumstances, the district court may request the voluntary

16   assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017

17   (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

18          The test for exceptional circumstances requires the court to evaluate the plaintiff's

19   likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

20   light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328,

21   1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

22   common to most prisoners, such as lack of legal education and limited law library access, do not

23   establish exceptional circumstances that would warrant a request for voluntary assistance of

24   counsel. In the present case, the court does not find the required exceptional circumstances.

25   /////

26   /////

8

**MOTION FOR A MISCELLANEOUS PROTECTIVE ORDER**

Plaintiff has filed a motion for a protective order.  In the court's order requiring the parties to file status reports, the court instructed the parties to list the names and addresses of all witnesses they intended to call at trial.  Plaintiff contends that one of the witnesses he listed is a former prosecutor and inspector general.  He is currently employed in a law enforcement investigative capacity in New York.  Plaintiff asks the court not to publish this witness' address on the docket, in any court orders, or in the transcripts of this case.

The court has construed plaintiff's motion for a protective order as a motion to seal a portion of the record in the case.  Plaintiff is advised that "[u]nless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access is the starting point." Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). Plaintiff, as the party seeking to seal a portion of the record in this case, bears the burden of overcoming the strong presumption by offering "compelling reasons" supported by specific factual findings. Id. at 1179.  Here, plaintiff has made no showing in support of his request to seal a portion of the record in the case.  For example, plaintiff has not shown that there is any real threat to this witness.  Nor has plaintiff given the court any reason to believe that any individuals aside from the parties to this action have any intent to search through court records to determine this witness' whereabouts.  Accordingly, the court will deny plaintiff's motion for a protective order.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's February 4, 2009 motion for a court order allowing him to take written depositions (Doc. No. 73) is denied;

2.  Plaintiff's March 9, 2009 motion to compel (Doc. No. 86) is denied;

3.  Plaintiff's June 8, 2008 motion to compel defendants to produce a copy of his deposition transcript (Doc. No. 99) is denied;

4.  Plaintiff's June 22, 2009 motion to extend discovery (Doc. No. 103) is denied;

5.  Plaintiff's July 8, 2009 motion for signed but otherwise blank subpoenas (Doc. No. 109) is denied as moot;

6.  Plaintiff's July 29, 2009 motion for a court order requiring the United States Marshal to serve subpoenas (Doc. No. 118) is denied;

7.  Plaintiff's May 7, 2009 and May 13, 3009 motions for a court order construed as motions for preliminary injunctive relief (Doc. Nos. 96 & 97) are denied without prejudice;

8.  Plaintiff's May 7, 2009 request for appointment of counsel (Doc. No. 96) is denied; and

9.  Plaintiff's April 1, 2009 motion for a protective order construed as a motion to seal a portion of the record in this case (Doc. No. 91) is denied.

DATED: August 31, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
mast0192.mots