UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DANIEL J. MASTERSON**, <br><br> Plaintiff, <br><br> v. <br><br> **ROSANNE CAMPBELL et al.**, <br><br> Defendants. | No. 2:05-cv-00192-AK <br><br> **ORDER** |

Masterson filed a timely motion for reconsideration, which I consider under Federal Rule of Civil Procedure 59(e).  See Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898–99 (9th Cir. 2001); Schiel v. Astrue, No. 2:09-cv-1416 FCD EFB, 2010 WL 5115416, at *1 (E.D. Cal. Dec. 8, 2010).  He attached one new piece of evidence: a declaration from his former cellmate, who claims that he heard one of the defendants say to Masterson in 2005, "I guess you're sorry now for filing those complaints," and, "Isn't the filing of staff complaints what got you [moved to administrative segregation] in the first place?"

Masterson can't use a motion for reconsideration to present evidence he should have brought to my attention before I ruled against him.  He has to show that "the evidence could not [have been] discovered earlier through due diligence."

Dixon v. Wallowa Cnty., 336 F.3d 1013, 1022 (9th Cir. 2003). Here, the cellmate says he overheard the officer's statements long before defendants moved for summary judgment. Masterson hasn't explained why it took him more than five years to get the cellmate's declaration.

Masterson also complains that defendants didn't provide the notice required by Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), with their motions for summary judgment. But the court itself provided adequate notice (docket entry 23). See Rand v. Rowland, 154 F.3d 952, 959–60 (9th Cir. 1998) (en banc). And defendants demonstrated that Masterson did in fact review the original, unedited videotapes he claims they withheld (see docket entries 189 and 231).

The motion for reconsideration is therefore **DENIED**. Masterson's previously filed notice of appeal now takes effect; he must file an amended notice of appeal if he intends to challenge this order as well. See Fed. R. App. P. 4(a)(4)(B).

February 7, 2011

**ALEX KOZINSKI**
Chief Circuit Judge
Sitting by designation